OA 91  Criminal Complaint

# United States District Court

**FILED**
MAY 1 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
ENRICO JONES

CRIMINAL COMPLAINT

Case Number: 4-08-70292 WDB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about February 20, 2008 (Date) in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, namely, a mixture and substance containing a detectable amount of heroin,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(C).

I further state that I am a(n) Special Agent for the DEA and that this complaint is based on the following facts:

See attached affidavit.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: Daniel R. Kaleba
AUSA

Sam Ua, Special Agent
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

May 19, 2008
Date

at San Francisco, California
City and State

Honorable Edward M. Chen    U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

1. I, Sam Ua, being duly sworn, do hereby depose and state:

2. I am a Special Agent (SA) of the United States Department of Justice, Drug Enforcement Administration (DEA). My duties and responsibilities involve the investigation of criminal violations of the Controlled Substances Act (Title 21, United States Code) and other duties imposed by law. I am participating in an investigation concerning the trafficking of crack cocaine and heroin.

3. I am currently assigned to the San Francisco Field Division, Oakland Resident Office Enforcement Group 1 I have been employed by the DEA since June 1999. I received formal training at the Drug Enforcement Administration Basic Agent Training Academy located at the DEA Training Center in Quantico, Virginia. This sixteen-week DEA Basic Agent Academy included instruction in, but not limited to, basic narcotic investigations, drug identification, drug detection, familiarization with United States narcotics laws, money laundering techniques and schemes, identification and seizure of drug-related assets, undercover work, and surveillance operations. I have been the affiant and participated in the execution of multiple search warrants in which controlled substances were seized. During my tenure with DEA, I have conducted and assisted in narcotics investigations, which have resulted in the arrests of numerous individuals for violations of federal and state narcotics laws. These investigations have covered illegal substances including marijuana, crystal methamphetamine, methamphetamine, ecstasy (MDMA), heroin, crack cocaine and cocaine. I have also received on-the-job training in advanced investigative techniques from senior DEA Agents.

## PURPOSE OF AFFIDAVIT: CRIMINAL COMPLAINT

4. The following facts are offered by way of my personal knowledge and information provided to me by, police officers, local, state, and federal criminal records, and previous reports pertaining to this matter. The affidavit is not intended to include each and every fact known by me and /or known by the government.

5. The following facts demonstrate that there is probable cause to believe that the defendant, **ENRICO JONES** did knowingly and intentionally possess with intent to distribute heroin, a Schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and did knowingly and intentionally violated his Supervised Release, in violation of Title 18 United States Code, Section 3583(d).

**PROBABLE CAUSE**

6. In February 2008, a San Francisco Police Department ("SFPD") Confidential Informant, hereafter referred to as CI, related to SFPD Officer Dave Nastari that he/she knows a male subject by the name of **ENRICO JONES**. The CI stated that **JONES** is a mid-level narcotics dealer in San Francisco, California. The CI stated that **JONES** distributes crack cocaine out of a warehouse located at 1615 C Innes Street, San Francisco, California. The CI also stated that the "King's of Cali" Motorcycle club uses the warehouse as a clubhouse. The CI stated that the CI has seen **JONES** in possession of cocaine at least ten times in the previous six months. The CI further related that the CI has seen firearms at the warehouse and knows that several of the motorcycle club members are known to carry weapons.

7. Within ten days of February 9, 2008, at the direction and supervision of the San Francisco Police Department Narcotics Division, the CI conducted a controlled purchase of crack cocaine from **JONES**. Officer Gill-Kehoe and Officer David Nastari met with the CI at a secured location and advised the CI to purchase crack cocaine from **JONES** at 1615 C Innes Street, San Francisco, California. An SFPD Detective searched the CI for contraband and money prior to the attempted drug purchase, with negative results. Officer Nastari provided the CI with an amount of San Francisco city funds. Inspector Doss and Inspector Scott observed the CI make contact with a large black male adult, who was later identified as **JONES**. Inspectors Doss and Scott observed CI and **JONES** engage in a hand to hand transaction near the front door of 1615 C Innes Street. During the negotiation, the individual that the CI met with matched the description of a SFPD booking photograph of **JONES**. The CI then left and met with Officer Nastari and Officer Gill-Kehoe at a prearranged location in San Francisco, California, where the CI was debriefed. The CI was under constant observation by surveillance units and did not meet with anyone when returning to meet officers.

8. At the prearranged meet location, the CI handed Officer Nastari small amount of suspected crack cocaine, which was later tested by Chemist Woodworth at the SFPD's crime lab. The substance tested positive for cocaine base. Officer Nastari showed a SFPD booking photograph of **JONES** to the CI. The CI positively identified the subject in the photo as being **JONES**, further indicating **JONES** as the person the CI just bought crack cocaine from.

9. Based partially upon the controlled purchase of crack cocaine from **JONES** by the CI, Officer Nastari obtained a state search warrant for **JONES** and the warehouse located at 1615 C Innes Street, San Francisco, California, signed by Honorable Judge Mellon, Judge of Superior Court, City of San Francisco, Department #514, State of California on February 15, 2008.

10. On 02-20-2008, SFPD Narcotics Detectives executed a state search warrant at the warehouse located at 1615 C Innes Street, San Francisco, California. **JONES** was contacted outside of the warehouse by Officer Nocetti and Inspector

McMillan. Officer Nocetti and Inspector identified themselves as police officers and that they had a search warrant for **JONES**. Officer Nocetti searched **JONES** and located one tied plastic sandwich bag containing black tar like substance of suspected heroin from **JONES** in his left front pants pocket. Officer Valdez recovered U.S currency in the amount of $2,339.00 from **JONES's** right pants pocket. Inspector Keane took custody of all drug evidence and hand carried them to the narcotics drop at the Hall of Justice, located at 850 Bryant Street, San Francisco, California. The suspected heroin found on **JONES** left front pants pocket, weighing 101.75 gross grams, tested positive for heroin by the SFPD crime lab. During the search, SFPD Detectives also seized the following item: suspected marijuana (137 net grams) located inside driver's door panel driven by **JONES** also tested positive for marijuana by SFPD's crime lab.

11. Based on the aforementioned facts and my training and experience, there is probable cause to believe that **JONES** did knowingly and intentionally possess with intent to distribute 101.75 gross grams of heroin, a Schedule I substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

12. At the time of arrest, **JONES** was on federal supervised release assigned to United Stated Probation Service out of Alameda County, in the Northern District of California, controlled by U.S Probation Officer, Karen Mar until 03-12-201, for a 1997 conviction for intent to distribute cocaine. Therefore, I believe **JONES** was in violation of his supervised release in violation of Title 18 United States Code 3583(d).

13. I declare under penalty of perjury that the facts contained herein are true and correct to the best of my information and belief.

Sam Ua

Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this 19th day of May, 2008

HONORABLE EDWARD M. CHEN
United States Magistrate Judge

*United States v. Enrico Jones*
**Penalty Sheet**

**Counts One: possession with intent to distribute less than 100 grams of heroin (21 U.S.C. § 841(b)(1)(C))**

    i.    Imprisonment:    maximum 20 years

    ii.    Fine:    maximum $1,000,000

    iii.    Supervised release:    mandatory minimum 3-year term supervised release

    iv.    Special assessment:    $100

*If 21 U.S.C. § 851 Information alleging prior felony narcotics conviction FILED:*

    i.    Imprisonment:    maximum 30 years

    ii.    Fine:    maximum $2,000,000

    iii.    Supervised release:    mandatory minimum 6-year term supervised release

    iv.    Special assessment:    $100